**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted January 3, 2018[*]
Decided January 3, 2018

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-4191 <br><br> JOHN J. SULLIVAN, <br>     *Petitioner-Appellant,* <br><br> *v.* <br><br> UNITED STATES OF AMERICA, <br>     *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 15 C 7521 <br> Rubén Castillo, *Chief Judge*. |

**Order**

John Sullivan and his brother Daniel were convicted of wire fraud in connection with their jointly managed home-remodeling business. We affirmed their convictions, *United States v. Sullivan*, 765 F.3d 712 (7th Cir. 2014), and last month affirmed the district court's order denying Daniel's petition for collateral relief under 28 U.S.C. §2255. *Sulli-*

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*van v. United States*, 877 F.3d 337 (7th Cir. 2017). John filed his own §2255 petition, lost, and appeals. We affirm for the reasons given in Daniel's case plus those below.

Daniel presented two issues, one concerning jury selection and the other concerning sentencing. John presents only an issue about sentencing. Both Sullivans contend that their lawyers furnished ineffective assistance by not gathering and presenting additional evidence that might have persuaded the district judge to reduce his estimate of intended loss below $400,000, which would have cut two offense levels from the Guidelines calculation. The district judge estimated loss at $750,000, which both Daniel and John contend is too high. Daniel lost because he did not produce evidence showing that a different strategy could have done better than counsel's actual strategy, which consisted in challenging the prosecutor's proof and urging the district judge to make a conservative estimate (which the judge said he did). We observed that Daniel had not presented new evidence, such as an expert's affidavit, tending to show that more or different proof at sentencing could have reduced the loss below $400,000. There was therefore no reason to hold a hearing to inquire into counsel's strategy.

John, like Daniel, presents as his principal appellate argument a contention that the district judge should have held a hearing to examine counsel's strategy. John, like Daniel, did not present an affidavit from an expert, or another lawyer, that would outline evidence or any plausible strategy that would lead to an estimate below $400,000. We therefore asked John and the United States to file memoranda addressing whether his appeal should be summarily affirmed on the authority of the decision on Daniel's appeal. The United States supported summary affirmance, while John contended that the brothers' positions are distinguishable.

Instead of presenting new evidence that counsel might have found and marshaled at sentencing, John offers his own calculation based on the existing record plus his memories. John contends that the business paid more to subcontractors than the record reflects and that the victims' loss is correspondingly less. Yet there's little evidence that the business did pay this amount (John's calculations substantially depend on extra-record recollections), and more important John is trying to estimate the wrong thing—how much the brothers' firm made as (illicit) profit rather than how much the customers lost. There's no apparent basis for equating the two and correspondingly no basis for distinguishing one brother's situation from the other's.

AFFIRMED